U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAR 18 2015

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 13-101 |
| VERSUS | * | SECTION: "R" (3) |
| CHRISTOPHER WHITE | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **CHRISTOPHER WHITE** (defendant or **WHITE**) has agreed to plead guilty to Counts One and Six of the Second Superseding Indictment now pending against him, charging him with violating Title 18, United States Code, Sections 1349 (Conspiracy to Commit Health Care Fraud) and 371 (Conspiracy to Falsify Records in a Federal Investigation). Both the Government and the defendant, **CHRISTOPHER WHITE**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and **WHITE** further stipulate that the Government would have proven, through the introduction of competent testimony and admissible evidence, the following facts beyond a reasonable doubt, to support the allegations in the Second Superseding Indictment now pending against the defendant:

### Background

Agents with the Federal Bureau of Investigation (FBI), the United States Department of Health and Human Services, Office of Inspector General (HHS-OIG), and/or the Louisiana Department of Justice Medicare Fraud Control Unit (LAMFCU) would testify, and records from the Louisiana Secretary of State would be admitted to establish, that **WHITE** was a resident of Louisiana and resided at 14 Shadow Lane, Destrehan, Louisiana.

Documents in the custody of the FBI, HHS-OIG and LAMFCU would be admitted to show that Interlink Health Care Services, Inc. (Interlink), Memorial Home Health, Inc. (Memorial), Lakeland Health Care Services, Inc. (Lakeland), Lexmark Health Care, LLC (Lexmark), and Med Rite

Pharmacy, Inc. (Med Rite) were Louisiana companies owned and operated by Mark Morad (Morad). These documents would show that Morad obtained Medicare provider numbers for Interlink, Memorial, Lakeland, Lexmark and Med Rite so as to allow these companies to submit claims to Medicare and receive payments on those claims electronically. Bank records from Interlink, Memorial, Lakeland, Lexmark and Med Rite would be admitted to show that Medicare made payments into the bank accounts of these companies as a result of claims submitted by these companies.

Employee testimony and documents from Interlink, Memorial, Lakeland, Lexmark and Med Rite in the custody of the FBI, HHS-OIG and LAMFCU would be introduced to establish that **WHITE** (1) provided accounting, financial, tax and managerial services to these companies, and (2) assisted in the organization and operation of these companies so as to allow them to bill Medicare for services and equipment that were not medically necessary and/or not provided.

Records from the Louisiana Secretary of State would be admitted to establish that Goldwell Investments, Inc. (Goldwell) was a Louisiana Company, that Morad was its owner and Chief Executive Officer, and that WHITE performed financial and accounting services for it. Bank records from Capitol One Bank (Capitol One) would be admitted to show that Morad established at Capitol One a bank account for Goldwell numbered xxxxxx1382 (Goldwell Account), of which he had signature authority.

Records from the Louisiana Secretary of State would be admitted to show that Medical Specialists of New Orleans (MSNO) was a Louisiana company owned and operated by Paige Okpalobi.

### Home Health Care Services and Durable Medical Equipment

A witness with specialized knowledge of, and experience in, home health care in the Medicare system would testify regarding (1) the standards for reimbursement of home health care services in the Medicare system, (2) the typical circumstances and conditions under which a Medicare beneficiary would be certified as homebound, and (3) the manner in which home health services would typically be rendered to a Medicare beneficiary.

Medicare billing data and documents of Interlink, Memorial, Lakeland, Lexmark, and Med Rite in the custody of the FBI, HHS-OIG and LAMFCU would be admitted to show that each company submitted to Medicare claims that it rendered home health care services or provided durable medical equipment (DME) to clients located in the Eastern District of Louisiana and elsewhere. These documents and data would further establish that the clients enrolled to receive home health services or DME at Interlink, Memorial, Lakeland, Lexmark and Med Rite were beneficiaries of various health care benefit programs, as defined in Title 18, United States Code, Section 24, including Medicare.

Testimony from Medicare beneficiaries and Special Agents of the FBI, HHS-OIG, and LAMFCU, documents in the custody of the FBI, HHS-OIG and LAMFCU, and Medicare billing records of Interlink, Memorial, Lakeland, Lexmark, Med Rite and MSNO would be admitted to show that MSNO employed physicians who (1) purportedly certified patients for home health care at Interlink, Memorial, Lakeland, and Lexmark and (2) prescribed DME that was purportedly supplied by Med Rite.

### Conspiracy to Defraud Medicare

Testimony from Special Agents of the FBI, HHS-OIG and LAMFCU, Medicare beneficiaries, and documents in the possession of the FBI, HHS-OIG, would be admitted to establish that from in or around January 2007 through in or around February 2014, **WHITE** agreed and conspired with others to submit claims to Medicare for home health services and DME that were not medically necessary and/or were not provided.

This evidence would also show that, in furtherance of this conspiracy, **WHITE** provided financial and accounting services to aid in the payment of money to patient recruiters who provided Medicare numbers of Medicare beneficiaries that would be used at Interlink, Memorial, Lakeland, Lexmark and Med Rite to bill Medicare for purported home health services and DME.

Testimony from employees of Interlink, Memorial, Lakeland, Lexmark, Med Rite and MSNO, and Medicare beneficiaries and their physicians, would be admitted to show that **WHITE** and his co-conspirators caused claims to be submitted to Medicare through Interlink, Memorial, Lakeland,

Lexmark and Med Rite knowing that the Medicare beneficiaries who purportedly received home health care services and DME from these companies (1) did not qualify under Medicare standards to receive home health services and DME; and (2) did not want and/or did not receive home health services.

Medicare billing data from Interlink, Memorial, Lakeland, Lexmark and Med Rite would be admitted to show that WHITE and his co-conspirators caused these companies to submit claims to Medicare amounting to approximately $2,272,241.96 for home health services and DME that was not medically necessary and/or not provided. Documents in the possession of the FBI, HHS-OIG and LAMFCU, including bank records from Interlink, Memorial, Lakeland, Lexmark, and Med Rite, would be admitted to establish that Medicare made these payments into the bank accounts of Interlink, Memorial, Lakeland, Lexmark and Med Rite. These records and records from the Goldwell Account would show that after Medicare funds were paid into the Interlink, Memorial, Lakeland and Lexmark bank accounts, funds would be transferred from these accounts into the Goldwell Account, and that payments would be made to patient recruiters from the Goldwell Account based upon calculations performed by WHITE.

Testimony from employees of Interlink, Memorial, Lakeland, Lexmark, and Goldwell, and documents from Goldwell in the possession of the FBI, HHS-OIG and LAMFCU, would be admitted to show that in or around February 2013, WHITE and co-conspirators became aware of a subpoena from a grand jury sitting in the Middle District of Louisiana requesting documents relating to Goldwell, among other things. This evidence will show that in response to the subpoena, WHITE and co-conspirators agreed to fabricate employment and tax records to mislead the grand jury and law enforcement and conceal the fraud scheme. This evidence would show that, in furtherance of this conspiracy, WHITE and co-conspirators created false tax forms, employment records and other documents to give the false impression that a co-conspirator had worked for Goldwell.

The facts described above emerge from an investigation conducted by the FBI, HHS-OIG, and LAMFCU, and would be proven at trial by credible testimony from Special Agents from the FBI, HHS-OIG, and/or LAMFCU, Medicare beneficiaries and their physicians, employees of Interlink,

Memorial Lakeland, Lexmark, Med Rite, MSNO, and Goldwell, Medicare billing records from Interlink, Memorial, Lakeland, Lexmark, Med Rite and MSNO, business records from Interlink, Memorial, Lakeland, Lexmark, Med Rite, MSNO and Goldwell, and documents and tangible evidence in the custody of the FBI, HHS-OIG, and LAMFCU.

_____     _____ 2/10/15
CHRISTOPHER WHITE              DATE
Defendant

_____     3/18/2015
JOHN H. CRAFT                  DATE
Counsel for Defendant

_____     3/18/2015
WILLIAM G. KANELLIS            DATE
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice